IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KARUMA ZIRAKASHVILI,** *Petitioner,* | : : : | |
| v. | : : | CIVIL NO. 26-0629 |
| **JAMAL L. JAMISON et al.,** *Respondents.* | : : : : | |

**Scott, J.**                                                                                                                                                     **February 11, 2026**

## <u>MEMORANDUM</u>

Petitioner Kaurma Zirakashvili filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release. ECF No. 1 at 19 [hereinafter Pet.]. Zirakashvili alleges that his detention by the United States Immigration and Customs Enforcement ("ICE") violates the Immigration and Nationality Act ("INA") and his Due Process rights. *Id.* ¶¶ 67–73.

Zirakashvili is a noncitizen from Georgia. Pet. ¶ 40. He entered the United States at the Arizona border in 2022. *Id.* ¶ 2. He applied for asylum based on persecution in Georgia. *Id.* ¶ 4. On January 29, 2026—more than three years after Zirakashvili initially entered the country—ICE arrested him while he was sitting in parked car outside a restaurant in Conshohocken, Pennsylvania and did not provide a reason for his arrest. *Id.* ¶ 53. The Government obliquely concedes that Zirakashvili was not given notice as to why he was arrested by ICE, noting in a footnote that the Department of Homeland Security has the authority and discretion to terminate parole grants. *See, e.g.*, ECF No. 4 at 11 n.3 [hereinafter Government's Resp.]. ICE placed Zirakashvili in the Philadelphia Federal Detention Center. Pet. ¶ 11.

On the Government's view, Zirakashvili is detained pursuant to 8 U.S.C. § 1225(b)(2),

which states that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." Zirakashvili challenges the Government's interpretation, instead arguing that his detention violates the INA and that the relevant statutory framework is that of § 1226(a).  Pet. ¶ 34–37.

The Government argues, unconvincingly, that Zirakashvili is detained under § 1225(a)(1) because he is, on the Government's view, an "applicant for admission."  Government's Resp. at 12.  As the Government fails to acknowledge even once in its briefing, "the law is piled sky high against" it on this issue.  *Rios Porras v. O'Neill*, 2025 WL 3708900, at *2 (E.D. Pa. Dec. 22, 2025) (also collecting cases).  Moreover, Zirakashvili has been in the United States for more than three years, which strains credulity to consider him an "arriving alien" as the Government insists.  *See, e.g.*, *Bhatia v. O'Neill*, 2025 WL 3530075, at *2 (E.D. Pa. Dec. 9, 2025) ("The unambiguous plain meaning of an 'applicant for admission' who is 'seeking admission' is a noncitizen at a port of entry seeking to cross into the United States, not one who has already resided in the United States.").  Accordingly, the Court rejects the Government's argument that § 1225 applies here.

For the same reasons given in *Kashranov v. Jamison* and *Demirel v. Fed. Det. Ctr. Philadelphia*, this Court holds that Zirakashvili's detention violates the INA.[1]  2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *see also Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Cantu-Cortes v. O'Neill*, 2025 W 3171639 (E.D. Pa. Nov. 13, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Philadelphia*, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025).

---

[1] In addition, the Government argues that this Court lacks jurisdiction to address Zirakashvili's claims.  Government's Resp. at 4–10.  The Court again adopts the reasoning in *Kashranov* and *Demirel* and the litany of similar cases to reject the Government's jurisdiction argument.

This Court therefore grants Zirakashvili's request for immediate release, given that his detention under 8 U.S.C. § 1225(b)(2) violates the INA and a bond hearing is unnecessary because nothing in the record suggests that Zirakashvili is a harm to the community or a flight risk. Moreover, ICE is enjoined from detaining Zirakashvili under 8 U.S.C. § 1226(a) for seven days following his release.